UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

STANLEY ROSS                                                      PLAINTIFF

V.                                      CIVIL ACTION NO. 3:21-CV-00470-KHJ-MTP

STATE FARM FIRE &                                                 DEFENDANT
CASUALTY COMPANY

ORDER

Before the Court is Defendant State Farm Fire and Casualty Company's

("State Farm") Motion for Summary Judgment, or in the Alternative, for Partial

Summary Judgment [32]. For the following reasons, the motion is denied.

I.       Facts and Procedural History

Plaintiff Stanley Ross owns the property at 316 Skyview Lane, Vicksburg,

Mississippi 39183, and the home situated on it. [32-2] at 2–3. He lived there with

his fiancée and children until a fire destroyed the house completely on or about

August 4, 2020. [32] at 1; Pl.'s Resp. Mem. [36] at 2.

Ross held a homeowner's insurance policy at that time through State Farm.

[32-1]. The policy included various kinds of coverage: loss to the dwelling structure

("Coverage A"); personal property coverage, including necessaries and loss of

personal property ("Coverage B"); additional living expenses ("Coverage C");

Increased Dwelling coverage ("Option ID"); and Building Enforcement or Law

coverage ("Option OL"). Def.'s Summ. J. Mem. [33] at 2.

Coverage B requires Ross to cooperate with State Farm in its claim investigation by, among other things, "attaching all bills, receipts and related documents that substantiate figures in the inventory" and, as "reasonably require[d]" by State Farm, providing it with "requested records and documents." [32-2] at 34. Option ID, covering "losses to damaged building structures covered under Coverage A", requires Ross to report the rebuild status of his home within 90 days of rebuilding in certain scenarios. *Id.* at 48. Ross does not point the Court to another notification requirement under Option OL, which provides additional insurance for residential building structures affected by increased repair costs under certain laws. *Id.* at 49–50.

State Farm has already paid Ross under some of these provisions, and those payments are not disputed. *Id.* This suit arises, instead, from claims Ross contends State Farm has yet to reimburse him for: substantial contents, code upgrades, and options; forms; endorsement claims; and additional living expenses. Compl. [1] at 5–8. State Farm maintains the only policy provisions at issue are Coverage B, Option ID, and Option OL. [33] at 2. Ross's response discusses only Coverage B and Coverage C, however. *See* [36].

Ross brings claims for breach of contract and bad faith, asking for what State Farm refers to in its filings as extracontractual damages. [1] at 5–9; [32] at 3. State Farm defends that it acted in good faith when not paying all of Ross's submitted claims because Ross did not provide State Farm information for reimbursement after multiple requests, as the policy requires. [32]; [33]. State Farm now moves for

summary judgment on all claims, or in the alternative, only on Ross's claims for extracontractual damages and bad faith. [32] at 1, 3.

II.     Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if, under the applicable substantive law, 'its resolution could affect the outcome of the action.'" *Patel v. Tex. Tech Univ.*, 941 F.3d 743, 747 (5th Cir. 2019) (quoting *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010)). "An issue is 'genuine' if 'the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party.'" *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). All facts are construed in the non-movant's favor. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

If the non-movant bears the burden of proof at trial, the movant need only demonstrate the record lacks evidentiary support for the non-movant's claim. *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). The movant must "cit[e] to particular parts of materials in the record" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that [the] adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "[T]he moving party is not required to present evidence proving the absence of a material fact issue; rather, the moving party may meet its burden by simply pointing to an absence of evidence to support the nonmoving party's case."

3

*Boudreaux v. Swift Trans. Co.*, 402 F.3d 536, 544 (5th Cir. 2005) (citation omitted).

But "unsubstantiated assertions are not competent summary judgment evidence."

*Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

If the movant meets its burden, "the burden shifts to the non-movant to produce evidence of the existence of such an issue for trial." *Id.* (citation omitted). The non-movant must present more than "speculation, improbable inferences, or unsubstantiated assertions." *Jones*, 936 F.3d at 321 (citation omitted). "A failure on the part of the nonmov[ant] to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (citation omitted); *Estate of Thornton v. Rankin Cnty.*, 3:13-CV-620-DPJ-FKB, 2015 WL 1650237, at \*1, n.1 (S.D. Miss. Apr. 14, 2015). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas*, 136 F.3d at 458. The same is true for the movant's initial burden to show an absence of evidence. *Contra Harris v. Transamerica Life Ins. Co.*, 533 F. Supp. 2d 696, 701–02 (W.D. Tex. 2007); *see also* Fed. R. Civ. P. 56(c).

## III.    Analysis

State Farm fails to satisfy Rule 56(c)(1)'s standard for supporting a summary-judgment motion and, accordingly, its burden to demonstrate there is no genuine dispute of material fact. State Farm attaches exhibits to its Motion and briefly explains their contents. [32] at 4–6. State Farm's accompanying

Memorandum describes the facts in full detail but contains one lone record cite. *See* [33] at 3. Though the Motion contains several record cites, State Farm still fails to meet its burden because those citations are partially irrelevant or not sufficient for demonstrating there is no genuine dispute of material fact. Because State Farm does not meet its initial burden, the Court need not address whether Ross meets his summary-judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).

A. Applicable Law

"Under Mississippi law, insurance policies are interpreted according to contract law." *Am. States Ins. Co. v. Nethery*, 79 F.3d 473, 475 (5th Cir. 1996). A breach-of-contract claim requires a plaintiff to establish: "(1) that a valid and binding contract exists; and (2) that the defendant has broken or breached it without regard to the remedy sought or the actual damage sustained." *Norman v. Anderson Reg'l Med. Ctr.*, 262 So. 3d 520, 527 (Miss. 2019). A bad-faith claim requires an insured to establish a contractual obligation with the insurer, "the insurer lacked an arguable or legitimate basis for its delay in paying her claim," and the delay in payment "resulted from an intentional wrong, insult, or abuse as well as from such gross negligence as constitutes an intentional tort." *Bryant v. State Farm Fire & Cas. Co.*, 2:20-CV-134-KS-MTP, 2021 WL 3086765, at *3 (S.D. Miss. July 21, 2021). "In the context of insurance cases, summary judgment is improper where there exists a material question of fact with regard to coverage." *Johnson v. Preferred Risk Auto. Ins. Co.*, 659 So. 2d 866, 870 (Miss. 1995). (Because summary

5

judgment is denied as to Ross's breach-of-contract and bad-faith claims, as described below, the Court need not address Ross's claims for extracontractual damages.)

B. Coverage B (Personal Property Coverage) Breach

State Farm contends it did not breach Coverage B, and not in bad faith, because Ross did not provide State Farm with documentation of the cost of several destroyed personal-property items, as the policy requires. [32] at 1–2. State Farm maintains Ross sent it an inventory of lost personal property, State Farm repeatedly asked for more information about certain items, Ross did not provide that information, and Ross admitted that in his deposition. *Id.* The crux of Ross's breach-of-contract and bad-faith claims, however, is that State Farm had no legitimate reason for not paying Ross because he supplied all the information he had about his damaged personal property as some documentation was destroyed in a house fire. [36] at 8; *see also* [1] at ¶¶ 17, 18.

State Farm fails to adequately cite to the record as Rule 56(c) requires. For example, it does not point to copies of correspondence requesting more information or an index of items with missing information. State Farm does provide an internal document that appears to list the work performed on Ross's claim. But the document is 50 pages long, is riddled with notes and undefined jargon, and State Farm does not cite particular portions of the exhibit to show a lack of evidence supporting Ross's claim. *See* 56(c)(1)(A) (stating party must "cit[e] to particular parts" of the record").

6

State Farm relies mostly on Ross's deposition testimony in Exhibit I, but does not actually cite it, to show he knew about the documentation requirement, he received repeated requests from State Farm for information, and still failed to provide State Farm with that information. *Id.*; [32-9]. But it is unclear if the deposition discusses all outstanding personal-property claims, or just a few, and if State Farm requested documentation of the claims before the deposition.

In sum, State Farm's presented evidence, without adequate citation as required under Rule 56(c), is threadbare for showing there is no genuine dispute of material fact as to whether the record contains "an absence of evidence to support [Ross]'s case". *Boudreaux*, 402 F.3d 536 at 544.

C.  Option ID (Increased Dwelling Coverage) Breach

State Farm contends it did not breach Option ID, and not in bad faith, because Ross did not provide evidence of costs for that coverage (namely the rebuild status of his home), he has not rebuilt his home, and he appears to be living elsewhere. [32] at 3. State Farm maintains it asked about Ross's alleged outstanding costs. It provides the Court with two emails it sent Ross asking for his rebuild status. *Id.* at 6; [32-6]; [32-7]. But the emails state the request refers to *Coverage C.* The excerpt of the Option ID policy in State Farm's Motion refers to increased coverage under *Coverage A.* [32] at 2. State Farm also contends Coverage C is not at issue. [33] at 2. If it is, State Farm does not explain, or point to evidence explaining, why those emails show no genuine issue of material fact exists on the Option ID coverage.

7

On the other hand, Ross states in his Response that State Farm breached Coverage C because it has not paid Ross or his family per diem costs. [36] at 2. State Farm replies, among other things, that Coverage C does not include per diem reimbursement. [37] at 6–7. Again, State Farm does not point to the policy or explain why per diem costs are not included. *See id.* Moreover, State Farm does not explain if this claim depends on Ross providing evidence of his rebuild status or connected to Option ID. *See id.* State Farm fails to meet its summary-judgment burden.

### D. Option OL (Building Enforcement or Law Coverage) Breach

State Farm fails to show the absence of a genuine dispute of material fact on its alleged Option OL breach for the same reasons as its alleged Option ID breach, especially considering it has not pointed the Court to a reporting requirement under Option OL.

### IV. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For these reasons, Defendant State Farm Fire and Casualty Company's Motion for Summary Judgment, or in the Alternative, for Partial Summary Judgment [32] is denied.

SO ORDERED AND ADJUDGED, this the 20th day of September, 2022.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE